UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 07-428

TYRONE LEWIS                                SECTION "F"

ORDER AND REASONS

Before the Court are (1) Tyrone Lewis' Section 2255 motion to vacate his guilty plea and sentence, and (2) the magistrate judge's Report & Recommendation, recommending that the Court resolve disputed factual issues in favor of the Government and against Lewis. For the reasons that follow, the Court hereby ADOPTS the magistrate judge's Report & Recommendation; and, Lewis' Section 2255 motion to vacate is DENIED.

Background

On December 14, 2007, Tyrone Lewis was indicted along with eight others for conspiracy to possess stolen mail. Lewis pleaded guilty on August 7, 2008, pursuant to a plea agreement under Federal Rules of Criminal Procedure Rule 11, which included a waiver of his rights to appeal, and a waiver of his rights to contest his conviction and sentence in any collateral proceedings. However, in the waiver, Lewis retained his right to bring a post-conviction claim if he established that ineffective assistance of counsel affected the validity of the waiver of appeal and collateral challenge rights, or the validity of the guilty plea.

1

The plea agreement summarized the maximum penalties Lewis faced as five years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment fee. And the Court advised Lewis of these maximum penalties during the rearraignment proceeding. As part of the plea deal, the Government agreed to take the position for sentencing purposes that the total amount of loss caused by Lewis' participation in the conspiracy was more than $30,000 but less than $70,000.

A Pre-Sentence Investigation Report (PSI) was completed by the United States Probation Office on November 5, 2008, and was revised on February 18, 2009. Through his counsel, Dane Ciolino, Lewis filed three objections to the PSI. First, he objected to a two-point upward adjustment for being in involved in the business of receiving and selling stolen property. Second, he objected to a two-point upward adjustment for use or possession of an authentication feature. Third, he objected to a two-point upward adjustment for being a leader or organizer of the conspiracy.

On March 5, 2009, the U.S. Probation Office issued an addendum to the PSI, advising the Court that Lewis' objections were without merit. At Lewis' sentencing hearing on April 2, 2009, Ciolino argued in support of the objections, and after considering those arguments and the written submissions, the Court denied Lewis' objections. After considering the arguments advanced at the sentencing hearing, along with the PSI, the Court sentenced Lewis

to 60 months imprisonment, three years of supervised release, and ordered him to pay $45,585.59 in restitution, as well as a $100 special assessment fee.

Lewis filed a notice of appeal on May 4, 2009. On May 26, 2010, the Fifth Circuit remanded the matter to this Court to determine whether Lewis' untimely appeal was due to excusable neglect or good cause. This Court referred the matter to the magistrate judge to conduct the necessary proceedings and to issue a Report & Recommendation. The magistrate judge determined that Lewis had demonstrated excusable neglect; the Court adopted the Report & Recommendation. The Fifth Circuit, in ruling on Lewis' notice of appeal granted the appellee's opposed motion to dismiss the appeal, and denied the appellant's opposed motion to remand the appeal to this Court for a hearing; the Fifth Circuit also granted the appellant's alternative motion to dismiss the appeal without prejudice.

Lewis now seeks to vacate his guilty plea and conviction pursuant to 28 U.S.C. § 2255 so that he may participate in new plea negotiations with different defense counsel. Along with his motion to vacate, the petitioner also requested an evidentiary hearing. The Court referred the matter to the magistrate judge to recommend resolution of disputed issues of fact regarding Lewis' ineffective assistance of counsel claim; in particular, the magistrate judge was to conduct an evidentiary hearing in order to recommend to the

Court a determination as to: (1) whether Lewis' counsel promised him a specific sentence; and (2) whether Lewis' counsel coerced him into signing the factual basis without investigating the allegedly erroneous contents of the factual basis and with the promise that Lewis would receive a specific sentence.

Counsel was appointed to assist Lewis. Magistrate Judge Shushan conducted an evidentiary hearing and issued a Report & Recommendation; in that Report, Magistrate Judge Shushan recommends that the Court resolve the two factual issues against Lewis. Specifically, Magistrate Judge Shushan determined that Mr. Ciolino did not promise Mr. Lewis a specific sentence, and that Mr. Ciolino did not coerce Mr. Lewis into signing the factual basis without investigating.[1] The Court now considers Lewis' habeas petition and the magistrate judge's Report & Recommendation.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States." The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id.

---

[1] In fact, Magistrate Judge Shushan determined that Lewis was not "under any kind of misconception relative to the factual basis at the time [he] signed it or at the rearraignment when [the Court] explained the circumstances of the conspiracy to [him]."

4

Relief under §2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)(per curiam) (citing United States v. Capua, 656 F.3d 1033, 1037 (5th Cir. 1981)). Additionally, a "technical application of the Sentencing Guidelines does not give rise to a constitutional issue." Id. (citing United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991)).

Lewis asserts four grounds for habeas relief: (1) trial counsel was ineffective in advising him to plead guilty unknowingly and involuntarily without investigating the relevant facts and law; (2) trial counsel was ineffective in inducing him to plead guilty with unfulfillable promises, thus rendering the plea involuntary; (3) trial counsel was ineffective by failing to properly object to erroneous sentencing guidelines calculations; and (4) trial counsel was ineffective in failing to properly object to the erroneous calculation of his restitution.

Because Lewis, in his reply papers, submits that his argument regarding restitution is foreclosed by Fifth Circuit precedent, he drops this claim.[2] The Government urges the Court to dismiss

---

[2] A claim relating to restitution is not a proper basis for a Section 2255 motion because it concerns only an imposition of a fine, not to issues of custody. See United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999).

5

Lewis' habeas petition, asserting that (1) he waived his right to seek such relief pursuant to his plea agreement with the Government; (2) Lewis has not established that his trial counsel was constitutionally ineffective; and (3) Lewis' defense was not prejudiced by his counsel's conduct. The Court reviews his three remaining claims for ineffective assistance of counsel.

II.

*A.*

As a threshold issue, the Government contends that the petitioner's motion should be dismissed because he waived his right to appeal pursuant to his plea agreement with the government.

With few exceptions, a defendant may waive his post-conviction rights, including the right to a Section 2255 appeal, if the waiver is made knowingly and voluntarily. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). For a plea to be knowing and intelligent, it has to be made with a "full understanding" of the plea and its "direct consequences," although there is no requirement that the defendant be aware of "every consequence that, absent a plea of guilty would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (citing Boykin v. Alabama, 395 U.S. 238, 244 (1969)); Trujillo v. United States, 377 F.2d 266, 266 (5th Cir. 1967)).

For a defendant's guilty plea to be deemed voluntary, it must be made absent any "actual or threatened physical harm" or "mental

6

coercion." See Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000) (quoting Brady v. United States, 397 U.S. 742, 750(1970)). Furthermore, in order for a plea to satisfy the voluntary and intelligent requirements, the defendant must also be competent and be represented by a competent attorney. Id. Moreover, in order for a defendant's post-conviction rights to be knowingly and intelligently waived, the defendant must be informed of his right to appeal, and that this right to appeal is being relinquished. United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (citing United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992)).

*B.*

The Government contends that Lewis is barred from raising this Section 2255 motion because he waived his right to contest his conviction and sentence under the plea agreement. The plea agreement states:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction and/or his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including but not limited to a proceeding under Title 28, United States Code, Section[s] 2241 [and] 2255, on any ground except that the defendant may bring a post-conviction claim if the

7

> defendant establishes that ineffective
> assistance of counsel directly affected
> the validity of this waiver of appeal and
> collateral challenge rights or the
> validity of the guilty plea itself. [T]he
> defendant reserves the right to appeal
> any sentence imposed in excess of the
> statutory maximum.[3]

After conducting an evidentiary hearing on Lewis' claim that his trial counsel promised him that he would receive at most a three year sentence and that his trial counsel coerced him into signing the factual basis, the magistrate judge determined that Lewis' trial counsel neither promised him a specific sentence, nor coerced him into signing the factual basis.

The Court adopts these findings; indeed, it is worth noting that Lewis' assertion that he only pled guilty because his counsel promised him he would only receive a three year sentence is contradicted by statements Lewis made, under oath, during his rearraignment proceeding. And, Lewis has otherwise failed to assert or demonstrate that his plea and waiver of his post-conviction rights were made involuntarily or without knowledge. The record is clear: the Court thoroughly explained to Lewis the charge to which he was pleading guilty, as well as the trial and post-conviction rights he was waiving by agreeing to plead guilty. The Court received sworn affirmation from Lewis that he understood

---

[3]Lewis' sentence was not in excess of the statutory maximum.

the charge he was pleading to, the potential maximum sentence the charge carried, and that the Court could impose the maximum sentence despite the presence of any plea agreement, as well as that, by entering into a plea agreement with the Government, he was, in exchange, waiving his trial and post-conviction rights, including his rights to appeal. Additionally, Lewis acknowledged his signature on the factual basis, and, when asked by the Court if there was anything in the factual basis that he believed was untrue or mistaken, Lewis replied "No, sir." Finally, during the rearraignment proceeding Lewis confirmed that his plea was not the result of threats or promises of leniency, or that he was promised a certain sentence. For all of these reasons, the Government contends that Lewis' habeas petition is barred because he waived his post-conviction rights in signing the plea agreement.[4] Given this record, as well as the record of the evidentiary hearing conducted by the magistrate judge, the Court agrees. However, because Lewis has asserted claims concerning alleged ineffective assistance of counsel bearing on the voluntariness of his guilty plea, the Court will address the merits of Lewis' ineffective assistance of counsel claims in turn.[5]

---

[4]The determination that Lewis' habeas petition is barred because he waived his right to bring a post-conviction challenge is qualified to the extent that Lewis raises ineffective assistance of counsel claims.

[5]A guilty plea must be knowing and voluntary in order to be constitutionally valid. U.S. v. Cervantes, 132 F.3d 1106, 1110

III.

Lewis asserts that his counsel was ineffective in (1) advising him to plead guilty despite the fact that he was purportedly a latecomer to the conspiracy; (2) allegedly promising Lewis at most a three year sentence; and (3) failing to object to three aspects of his PSR: loss amount, leader/organizer designation, and number of victims. The Government contends that Lewis has not shown that his counsel was deficient, or that, even if counsel was somehow deficient, his deficient conduct prejudiced Lewis' defense. The Court agrees.

*A.*

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at ever critical stage of the proceedings against them." <u>United States v. Fields</u>, 565 F.3d 290, 293-94 (5th Cir.), <u>cert.</u> <u>denied</u>, 130 S.Ct. 298 (2009). A petitioner's claim of constitutionally ineffective counsel is analyzed under the standard announced in <u>Strickland v. Washington</u>, 466 U.S. 668, 686-89 (1984). To prevail under <u>Strickland</u>, a habeas petitioner must show that: (1) his counsel's performance was deficient, and (2) his counsel's deficient performance prejudiced his defense. <u>Id.</u> To establish that his counsel's performance was constitutionally deficient, the petitioner must show that his

---

(5th Cir. 1998). A guilty plea may be invalid if it was induced by defense counsel's unkept promises. <u>Id.</u>

counsel's representation "fell below an objective standard of reasonableness." Id. at 687-89 (when evaluating this criterion, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the Court must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

*B.*

In the context of a guilty plea: a prisoner claiming that counsel's ineffectiveness rendered his guilty plea involuntary must show: "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To be valid, a guilty plea must be voluntary, knowing, and intelligent. United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007). A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Id. To determine whether a plea is voluntary, the Court considers all relevant circumstances, and examines whether the conditions of a guilty plea -- including that the defendant had

11

notice of the charges against him, that the defendant understood the constitutional protections waived, and that he had access to the advice of competent counsel -- have been met.  Id.

If a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea turns "on whether [the] advice was within the range of competence demanded of attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970).  "A defendant who seeks to prevail on a claim that his plea was involuntary due to counsel's representations concerning the sentence he would receive must show that his plea was motivated by an 'actual promise.'"  United States v. Fernandez, 317 Fed.Appx. 388 (5th Cir. 2009)(citing Smith v. McCotter, 786 F.2d 697, 701 (5th Cir. 1986)).  To prevail on a theory of actual promise, the petitioner must prove: (1) the exact terms of the promise; (2) exactly when, where, and by whom the promise was made; and (3) "the precise identity of an eyewitness to the promise."  Id.

Significantly, a guilty plea is not rendered involuntary simply because a defendant misunderstood his defense counsel's inaccurate prediction that a lesser sentence would be imposed; rather, "[a]s long as the defendant understood the term of imprisonment to which he might possibly be sentenced, he was aware of the plea's consequences."  United States v. Fernandez, 317 Fed.Appx. 388 (5th Cir. 2009)(citations omitted).

*C.*

Mindful of these principles, the Court considers Lewis' contentions that his counsel was ineffective.

1.

First, considering Lewis' argument that his counsel was deficient in recommending that Lewis plead guilty to a factual basis establishing that he was the most culpable defendant in the conspiracy even though he was a latecomer to the conspiracy, the Court finds that Lewis has failed to show that his counsel's conduct was deficient. Lewis fails to acknowledge that counsel's decision to recommend a guilty plea is often, as here, based on legitimate strategic reasons that are not reflected in the factual basis and plea agreement. For example, as it was suggested during the evidentiary hearing, in pleading guilty, Lewis may well have avoided facing additional charges that the Government considered bringing against him. This suggests that counsel's advice was within the range of competence demanded of attorneys in criminal cases. Lewis has not shown that counsel failed to reasonably investigate his case before advising him to plead guilty, let alone that counsel somehow coerced Lewis into pleading guilty. Furthermore, Lewis informed the Court during the rearraignment proceeding that there was nothing incorrect or untrue about the factual basis. The rearraignment record here betrays his credibility.

Lewis has failed to show that his counsel's performance fell below an objective standard of reasonableness in recommending to Lewis that he should plead guilty.[6]

2.

Second, considering Lewis' argument that his counsel improperly promised him a three year sentence, the Court finds that this contention is fanciful and without merit. The Court adopts the magistrate judge's findings in her Report & Recommendation, in which the magistrate judge -- after conducting an evidentiary hearing -- credited Lewis' counsel's testimony and determined that Mr. Ciolino in fact did not promise Lewis a specific sentence. Thus, Lewis has failed to show that his decision to plead guilty was motivated by an actual promise.[7] Moreover, Lewis' assertion to

---

[6]As the Court has previously noted, the record -- particularly the rearraignment script -- shows that Lewis himself accepted the factual basis and pleaded guilty because he was, in fact guilty of the crime charged.

[7]Indeed, as Magistrate Judge Shushan observed following the evidentiary hearing (speaking to Mr. Lewis):
> I have no reason to believe that Mr. Ciolino strayed from his regular practice of never telling a defendant what sentence he will get, and never promising a particular sentence....
> Relative to the testimony of Ms. Payton-Lewis and to...Mr. Lewis; first of all, your wife, her testimony today was not believable to me. She testified that she had not discussed the contents of the affidavit before she received it in the mail and before she took it and went to a notary, had it notarized, and then didn't send it anywhere. There's no explanation for how it got to her, whether or not she agreed with the contents of it, or how it got into the record. She has been convicted of receiving stolen mail, as you have, not

the contrary is contradicted by statements he made to this Court, in open court, under oath, during his rearraignment proceeding. Because, in light of the facts determined during the evidentiary hearing, the Court rejects Lewis' version of the facts supporting his assertion that his counsel promised him a three year sentence; his assertions are at odds with his own sworn statements and the record. Furthermore, as long as Lewis understood the term of imprisonment to which he might possibly be sentenced, he was aware of the plea's consequences. See United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993). The record establishes that the defendant was informed not only by his counsel, but also by the Court during his rearraignment proceeding that a guilty plea would

---

> only in this case but had been convicted on at least two prior occasions for forgery. So, both of you are convicted felons. As between Mr. Ciolino and you [Mr. Lewis] and Ms. Payton-Lewis, I've got to tell you that the credibility call goes to Mr. Ciolino.
> Relative to your testimony, you [Mr. Lewis] testified first that Mr. Ciolino promised you two or three years.... Later in your testimony you mentioned that Mr. Ciolinio told you 48 to 53 months.... [S]o I don't find that there was a definitive promise of any sentence being imposed. Rather, I believe that Mr. Ciolino discussed the guidelines and discussed the maximum possible sentence and told you that he hoped that perhaps the sentence imposed would range somewhere between two to three years and at one point, 48 to 53 months.... So, I will find as a matter of factual determination that Mr. Ciolino again did not promise you a specific sentence and that you were not under any kind of misconception relative to the factual basis at the time you signed it or at the rearraignment when Judge Feldman explained the circumstances of conspiracy to you.

expose him to, among other penalties, a maximum of five years imprisonment.

Accordingly, Lewis has failed to show that his counsel's performance fell below an objective standard or reasonableness. Nor has there been any showing or suggestion of prejudice, even if Lewis could somehow show that counsel was deficient, which he has not.

3.

Considering Lewis' third argument that his counsel failed to object to three aspects of his PSI,[8] the Court finds that, because a Sentencing Guideline determination does not implicate any constitutional issues, this is not a proper basis for a Section 2255 petition. See United States v. Seqler, 37 F.3d 1131, 1134 (5th Cir. 1994); United States v. Faubion, 19 F.3d 226 (5th Cir. 1994).

IV.

It is clear that Lewis seeks relief from his sentence simply because he had hoped to receive less than the maximum sentence. However, an "attitudinal change after learning the consequences of one's plea is not a sufficient basis to justify the withdrawal of the plea after sentencing." United States v. Rodriquez, 62 F.3d 723, 725 (5th Cir. 1995). The record establishes that Lewis knew the maximum penalty he faced upon entering a plea of guilty, or if

---

[8]The record shows that defense counsel did in fact object to Lewis' designation as a leader/organizer of the conspiracy.

he went to trial and was found guilty.  Lewis' motion to vacate is not based upon a constitutional violation but, rather, is based on his disappointment that the Court exercised its sentencing discretion -- discretion that was explained to Lewis during his rearraignment proceeding -- in sentencing Lewis to 60 months imprisonment.  This sentence falls within the restricted sentencing guideline range.

Accordingly, the Court, after considering the habeas petition, the Government's response, the record, the applicable law, the evidentiary hearing transcript, the magistrate judge's Report and Recommendation, and the petitioner's objections, hereby approves the magistrate judge's Report and Recommendation and adopts it as its opinion concerning the factual disputes referred.  IT IS ORDERED: that this Court adopts the magistrate judge's factual findings as its own; in particular, the Court finds that Lewis' counsel did not promise him a specific sentence and Lewis' counsel did not coerce him into signing the factual basis without investigating the asserted erroneous contents of the factual basis or with the promise that Lewis would receive a specific sentence.

IT IS FURTHER ORDERED: that Lewis' Section 2255 motion to vacate is DENIED with prejudice.

New Orleans, Louisiana, February 3, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE